UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | | |
|---|---|---|
| DEBRA LINDEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| PANERA BREAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Debra Lindemann, and states as follows:

### **PARTIES**

1. Plaintiff Debra Lindemann (Hereafter "Plaintiff" or "Lindemann") is a resident of Belleville, in St. Clair County, Illinois, formerly was an assistant manager employed by Defendant Panera Bread Company.

2. Defendant Panera Bread Company (Hereafter "Panera") is a Delaware corporation, with principal executive offices at 6710 Clayton Road in Richmond Heights, in St. Louis County, Missouri.

3. Lindemann was employed as a manager by Defendant at one of its bakery-cafes, Panera Bread Company d/b/a St. Louis Bread Company, located at 3120 Greenmount Crossing in Shiloh, St. Clair County, Illinois.

### **JURISDICTION**

4. This court has subject matter jurisdiction over Plaintiff's Complaint pursuant to

-1-

28 U.S.C. 1331, 1343, 1367 and 42 U.S.C. 2000e-5.

5.  Venue is proper in this District and Division in that the unlawful acts hereinafter alleged were committed in this judicial district. 28 USC Sec. 1391(a).

## FACTS

6.  In November 2003, Debra Lindemann, a white female, was hired as an associate at Defendant Panera Bread Company d/b/a St. Louis Bread Company located at 3120 Greenmount Crossing, Shiloh, Illinois.

7.  Lindemann was well-qualified and able to perform the essential functions of her job, having successfully worked for Panera, receiving positive evaluations from supervisors and eventually a promotion to assistant manager.

8.  On or about September 19, 2008, Panera Assistant Manager Julie Schlib (Hereafter "Schlib") informs Lindemann's employees that she has been taking too much time off and that she would be transferred.

9.  Lindemann had been off of work for two weeks due to surgery.

10. In November 2008, a younger assistant manager Mike Linglet (Hereafter "Linglet") argued with Lindemann during a double shift Lindemann agreed to serve.

11. No further incidents occurred between Linglet and Lindemann and no disciplinary action was taken by Panera management.

12. In December, 2008, Lindemann's employment with Panera was terminated.

13. Lindemann's position was replaced with a 21-year-old male assistant manager, Danny Wisser.

14. During Lindemann's tenure at Panera, male managers without quick-serve food service experience were hired by Panera and paid higher hourly wages. Female managers were required to begin working at Panera as hourly Associates and work their way up to manager status.

15. On May 12, 2009, Lindemann filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that Panera's termination of her employment and her lower wages compared to other managers was due to her age, 51(at the time of the incident), and gender, female.

16. On August 12, 2009, the EEOC, issued Lindemann a Notice of Right to Sue on her charge of age and gender discrimination. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit 1.

### COUNT I: TITLE VII CLAIM

17. Paragraphs 1-16 are realleged and incorporated herein.

18. Lindemann was qualified for her position and was able to perform the essential functions of her job.

19. Defendant Panera has more than fifteen (15) employees.

20. On December 9, 2009, Defendant wrongfully terminated Lindemann due to her gender, female.

21. Lindemann was replaced with a less qualified male employee.

22. Defendant intentionally discriminated against Lindemann on the basis of her gender, female, by wrongfully terminating her in order to replace her with a male employee.

23. As a direct result of the discriminatory actions of Defendant, Lindemann

lost wages and fringe benefits in an amount to be determined at trial.

24. As a direct result of the discriminatory actions of Defendant, Lindemann also has suffered and will continue to suffer emotional distress, anxiety and humiliation resulting in damages in an amount to be determined at trial.

25. As a direct result of the discriminatory actions of Defendant, Lindemann has incurred and will continue to incur in the future, costs and attorney's fees in connection with the prosecution of this action to be determined at trial.

26. WHEREFORE, Lindemann prays for the following relief:

A. That the Court declare the conduct of the Defendant complained of in Count I to be a violation of Title VII of the Civil Rights Act of 1964.

B. That Defendant be ordered to make Lindemann whole by providing her with lost wages and fringe benefits, including but not limited to, lost salary, overtime wages, retirement benefits, and prejudgment interest in an amount to be proved at trial.

C. That Defendant be ordered to award Lindemann compensatory damages in an amount to be proved at trial.

D. That Defendant be ordered to pay punitive damages;

E. That Defendant be ordered to pay Lindemann's reasonable attorneys' fees and the costs of this action; and

F. That the Court grant such further equitable and legal relief as it deems proper and just.

**COUNT II: AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

27. Paragraphs 1-16 are realleged and incorporated herein.

28. Lindemann was qualified for her position and was able to perform the essential functions of her job.

29. Defendant Panera has more than fifteen (15) employees.

30. On December 9, 2009, Defendant wrongfully terminated Lindemann due to her age, 51, and has in the past engaged in a pattern and practice of discriminating against its managers in the terms, conditions, and privileges of employment on the basis of age.

31. Lindemann was replaced with a younger male employee under the age of 40.

32. Lindemann was terminated as a result of her age, thus depriving her of employment opportunities and otherwise adversely affecting her status as an employee, all in violation of the Age Discrimination Employment Act of 1967 29 USC Sec. 62, et seq.

33. Prior to her termination, Lindemann was performing her job according to her employer's legitimate expectations.

34. Defendant intentionally discriminated against Lindemann by wrongfully terminating her employment and replacing her with a younger, male manager.

35. As a direct result of the discriminatory actions of Defendant, Lindemann lost wages and fringe benefits in an amount to be determined at trial.

36. As a direct result of the discriminatory actions of Defendant, Lindemann also has suffered and will continue to suffer emotional distress, anxiety and humiliation resulting in damages in an amount to be determined at trial.

37. As a direct result of the discriminatory actions of Defendant, Lindemann has incurred and will continue to incur in the future, costs and attorney's fees in connection with the prosecution of this action to be determined at trial.

38. WHEREFORE, Lindemann prays for the following relief:

A. That the Court declare the conduct of the Defendant complained of in Count II to be a violation of the Age Discrimination in Employment Act (ADEA).

B. That Defendant be ordered to make Lindemann whole by providing her with lost wages, back pay and front pay, and fringe benefits, including but not limited to, lost salary, overtime wages, retirement benefits, and prejudgment interest in an amount to be proved at trial.

C. That Defendant be ordered to award Lindemann compensatory damages in an amount to be proved at trial.

D. That the Defendant be ordered to pay punitive damages;

E. That Defendant be ordered to pay Lindemann's reasonable attorneys' fees and the costs of this action; and

F. That the Court grant such further equitable and legal relief as it deems proper and just.

## COUNT III: EQUAL PAY ACT (EPA)

39. Paragraphs 1-16 are realleged and incorporated herein.

40. On December 9, 2009, Defendant wrongfully terminated Lindemann due to her age,

51.

41. From November 2004 until Lindemann's wrongful termination on December 9, 2009, Defendant willfully and knowingly paid Lindemann, a female manager, a lower salary than her male counterparts.

42. Defendant upheld an established practice paying more experienced, female managers less than less experienced, male managers.

43. The conduct of Defendant was motivated by indifference to Lindemann's clearly established rights under the Equal Pay Act of 1963.

44. As a direct result of the discriminatory actions of Defendant, Lindemann lost wages and fringe benefits in an amount to be determined at trial.

45. As a direct result of the discriminatory actions of Defendant, Lindemann also has suffered and will continue to suffer emotional distress, anxiety and humiliation resulting in damages in an amount to be determined at trial.

46. As a direct result of the discriminatory actions of Defendant, Lindemann has incurred and will continue to incur in the future, costs and attorney's fees in connection with the prosecution of this action to be determined at trial.

47. WHEREFORE, Lindemann prays for the following relief:

A. That the Court declare the conduct of the Defendant complained of in Count III to be a violation of the Equal Pay Act (EPA).

B. That Defendant be ordered to make Lindemann whole by providing her with lost wages and fringe benefits, including but not limited to, lost salary, overtime wages, retirement benefits, and prejudgment interest in an amount to be proved at trial.

C. That Defendant be ordered to award Lindemann compensatory damages in an amount to be proved at trial.

D. That Defendant be ordered to pay Lindemann's reasonable attorneys' fees and the costs of this action; and

E. That the Court grant such further equitable and legal relief as it deems proper and just.

BY: <u>/s/ RHONDA D. FISS</u>
RHONDA D. FISS   No. 06191043
Law Office of Rhonda D. Fiss, P.C.
23 Public Square, Suite 230
Belleville, IL 62220
Tel: (618) 233-8590
Fax: (618) 233-8713
jdd@fisslawoffice.com