UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| DEBRA LINDEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00837-WDS-DGW |
| ) | |
| ) | |
| PANERA BREAD COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND MOTION FOR ATTORNEY'S FEES**

COMES NOW Plaintiff, Debra Lindemann, by and through her attorneys, The Law Offices of Rhonda D. Fiss, P.C., pursuant to Fed. R. Civ. P. 12 (b)(6) and 56 and for her Response and Memorandum of Law in response to Defendant's Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Motion for Attorney's Fees (Doc# 8) states as follows:

**BACKGROUND**

In November 2003, Plaintiff, Debra Lindemann, was hired as an associate at Defendant's dining establishment of Panera Bread Company d/b/a St. Louis Bread Company at 3120 Greenmount Crossing, Shiloh, Illinois. Following a successful tenure with the Defendant company, Plaintiff's employment was terminated on December 9, 2008. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on May 12, 2009.

Following her timely filing with the EEOC, Plaintiff received no further correspondence

1

from that agency. (See Ex. "A") Plaintiff has not moved from her residence or changed any contact information since she filed her charges. Following Plaintiff's May 12, 2009 filing, the office of Plaintiff's counsel made repeated efforts to obtain the status of the matter with the EEOC office, during which time Counsel's office was told that the files were still under investigation.

On or about March 26, 2010, Plaintiff's counsel sent correspondence to the EEOC requesting a "right to sue" letter. (See Ex. B). No response was received from the EEOC on this request. Plaintiff's counsel made the same request of the EEOC on July 19, 2010. (See Ex. F). On or about June 21, 2010, Plaintiff's attorneys' office placed another telephone call to the EEOC's St. Louis office. In the return message from an EEOC employee name "Brenda," it was related to the law firm for the Plaintiff that the EEOC could not locate Plaintiff's file, and it was requested that the law firm provide additional information on the case. (See Ex. C). Thereafter, on July 26, 2010, an original Right to Sue letter bearing Plaintiff's home address and signed in blue ink was received by Counsel for the Plaintiff at Counsel's office in Belleville, Illinois. (See Ex. D). The envelope containing said correspondence was postmarked July 23, 2010. (See Ex. E). Plaintiff's Complaint was filed with this Court on October 22, 2010, within 90 days after actual receipt of the EEOC's Right to Sue letter.

## STANDARD OF REVIEW AND ARGUMENT

The issue of when a claimant received a Right to Sue letter requires a factual determination that is appropriate for resolution under Federal Rule of Civil Procedure 56 rather than Rule 12(b)6. *Covington v. Illinois Sec. Svc., Inc.* 269 F. 3d 863 (7th Cir., 2001).

*A. Plaintiff's Title VII and ADEA Claims Contained in Counts I and II of Plaintiff's Complaint are Timely Filed*

Under Title VII and the ADEA, a plaintiff must file her lawsuit within ninety (90) days of receiving an EEOC right-to-sue letter. *29 U.S.C. 626(e)*. The "actual notice" rule states that the date of receipt by the Plaintiff marks the beginning of the ninety (90) day period as opposed to the date on which the right-to-sue letter was sent. *Prince v. Stewart,* 580 F.3d 571, 574 (7th Cir., 2001). The Seventh Circuit has applied this "actual notice" rule to cases brought under both the ADEA and Title VII. *Houston v. Sidley & Austin,* 185 F.3d 837, 838-839. (7th Cir, 1989). Should a plaintiff claim that she received her right-to-sue letter on a date other than that established by defendant's evidence, he/she must support such assertion with specific evidence, such as a sworn affidavit. *Crear-Price v. University of Illinois (N.D. Ill. 8-11-2010).*

In the case before the Court, as established above, despite repeated letters from Plaintiff's attorneys requesting the Right to Sue letter, the EEOC staff merely ignored the requests, or reported that the case was "under investigation." During one notable interaction with the EEOC, a member of the EEOC staff could not locate Plaintiff's file or any of Plaintiff's information. At no time was Plaintiff or her counsel advised that a Right-to-Sue letter had previously been mailed. In fact, a Right to Sue letter has *never* been received by Plaintiff at her address as stated on her Complaint filed with the EEOC. Moreover, Plaintiff did not change her place of residence or change any of her contact telephone numbers between the date she filed her EEOC charge and July 26, 2010, when the "right-to-sue" letter was received by Plaintiff's counsel. It was not until Plaintiff's attorneys began inquiries of the EEOC that it found Plaintiff's file and mailed a Right-to-Sue letter to her attorneys. (Ex. D). Plaintiff's ninety (90) day filing deadline was established by her receipt of "actual notice," which occurred on July 26, 2010, when

her attorneys received the *original* of a Right to Sue letter signed by the Director of the EEOC, and bearing Plaintiff's address. Id. By filing her Complaint with this Court on October 22, 2010, Plaintiff complied with the 90 day filing requirement of 20 U.S.C. 626(e). Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint should be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 2000e-5(k)**

Defendant Panera's reimbursement of attorney's fees on the basis that Plaintiff's Complaint is frivolous and groundless should be denied. Applying the "actual notice" rule as stated in *Houston v. Sidley & Austin*, 185 F.3d 837, 838-839, (7th Cir, 1989), Plaintiff's ninety (90) days to file her complaint started when she received the right-to-sue letter, which occurred on July 26, 2010. Again, the determination of the date on which Plaintiff received the right-to-sue letter is a factual question for the Court. The Plaintiff's affidavit and original correspondence received from the EEOC by Plaintiff's Counsel show receipt of the Right to Sue letter on July 26, 2010. Given that Plaintiff filed her complaint within ninety days of July 26, 2010, the Defendant's request for attorney's fees should be denied.

**CONCLUSION**

WHEREFORE, Plaintiff DEBRA LINDEMANN, prays this Court deny Defendant's Partial Motion to Dismiss and Motion for Attorney's Fees, and for other such other relief as the Court deems just and proper.

BY: _s/Rhonda D. Fiss_
RHONDA D. FISS, #06191043
23 Public Square, Suite #230
Belleville, Illinois 62220
Phone: 618-233-8590

Fax: 618-233-8713

CERTIFICATE OF SERVICE

      I certify that notice of electronic filing of the foregoing document was filed electronically with the Clerk of Court on January 17, 2011, to be served by operation of the Court's electronic filing system.

                                                        s/Rhonda D. Fiss